UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MALCOLMB BALL,

        Plaintiff,

   -against-            08 Civ. 2888 (LAK)

MTV NETWORKS ON CAMPUS, INC., et al.,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

   Plaintiff, a resident of Texas, brings this action to recover for personal injuries allegedly suffered while unloading a truck in Potsdam, New York. Defendants seek leave to file a third party complaint against the State University of New York - Potsdam, the Student Government Association of Potsdam, and another, principally for indemnification and breach of a contract to procure insurance, and to transfer this action to the Northern District of New York pursuant to 28 U.S.C. § 1404(a). Plaintiff does not oppose leave to file the third party complaint. Accordingly, the only issue is whether to transfer the action.

   "Under Section 1404(a), a district court may transfer an action to any other district in which the action might have been brought if the transfer would be in the interest of justice and serve the convenience of parties and witnesses. 'In considering whether a transfer would be for the convenience of the parties and witnesses and in the interest of justice, "[t]he plaintiff's choice of forum is entitled to substantial weight and will not be disturbed lightly."'" *Totilo v. Herbert*, 538 F. Supp.2d 638, 640 (S.D.N.Y. 2008) (quoting *Schechter v. Tauck Tours, Inc.*, 17 F. Supp.2d 255, 260 (S.D.N.Y.1998) (in turn quoting *Thunder Island, Inc. v. A.G. Sport, Inc.*, No. 97 Civ. 4136 (LAK), 1997 WL 599414, at *1 (S.D.N.Y. Sept. 26, 1997)) (footnotes omitted). Where, however, the plaintiff is not a resident of the chosen forum, the degree of deference is diminished. *See Guidi v. Inter-Continental Hotels Corp.*, 224 F.3d 142, 145 (2d Cir.2000); *Capital Currency Exchange, N.V. v. Nat. Westminster Bank, PLC*, 155 F.3d 603, 609 (2d Cir.1998), *cert. denied*, 526 U.S. 1067 (1999); *Murray v. British Broadcasting Corp.*, 81 F.3d 287, 289 (2d Cir.1996); *Revson v. Claire's Stores, Inc.*, 120 F. Supp.2d 322, 327 (S.D.N.Y.2000). "Whatever the degree of deference, considerations pertinent to assessing the balance of convenience 'include (1) the convenience to the parties, (2) the convenience to the witnesses, (3) the relative ease of access to sources of proof, (4)

the availability of process to compel the attendance of unwilling witnesses, (5) the cost of obtaining willing witnesses, (6) the practical problems indicating where the case can be tried more expeditiously and inexpensively, and (7) the interests of justice.'" *Totilo,* 538 F. Supp.2d at 640 (quoting *Schechter,* 17 F. Supp.2d at 260) (footnote omitted).

In this case, the plaintiff has no connection to this district, so the deference due his choice of forum is diminished. Indeed, the only connection between this action and the Southern District of New York is that defendant MTV Networks on Campus, Inc. ("MTV") is headquartered here, and there is no suggestion that anyone at MTV's headquarters has the slightest knowledge about anything pertinent to this case. Accordingly, the focus must be on the likely witnesses and the remaining parties.

Plaintiff has identified only one other likely witness – a resident of Oklahoma for whom proceeding in the Northern District would be no less convenient than going forward in the Southern. The third party defendants are located in the Northern District. And while plaintiff may be correct in supposing that trial proceedings against them may not be extensive, the fact remains that they probably will be required to produce witnesses for deposition and, at least on the common law indemnification and breach of contract to procure insurance claims, at trial. Moreover, plaintiff acknowledges that students at Potsdam assisted in the unloading. While their identities evidently are not yet known to counsel, it is likely that any who have not yet graduated would find litigation in the Northern District more convenient than in this Court.

As it is undisputed that this action could have been brought in the Northern District, the issue comes down to whether the diminished degree of deference to plaintiff's choice of forum is outweighed by the fact that the alleged accident is said to have happened in Potsdam and the interests of the third party plaintiffs and defendants in litigating in a forum that would be more convenient for them. In my judgment, the convenience gained by litigating in the Northern District more than offsets the deference due plaintiff's choice. Accordingly, defendants' motion for leave to file a third party complaint and to transfer the action to the Northern District of New York is granted in all respects.

SO ORDERED.

Dated: August 28, 2008

_____
Lewis A. Kaplan
United States District Judge