UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MALCOMB BALL,

                              Plaintiff,

    v.                                                   7:08-cv-944

MTV NETWORKS ON CAMPUS, INC., et al.,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

       Plaintiff Malcomb Bell commenced the instant action seeking to recover for personal injuries he sustained while working as an entertainment tour truck driver on the campus of the State University of New York at Postdam ("SUNY"). Presently before the Court is Third-Party Defendant SUNY's motion to dismiss the claim against it on the ground that it is barred by the Eleventh Amendment of the United States Constitution.

## I.    FACTS

       The Amended Complaint alleges that Plaintiff, a citizen of the State of Texas, was working as an entertainment tour truck driver at the State University of New York, Postdam Campus. Plaintiff was working in connection with a concert tour promoted by Defendants MTV Newtorks on Campus, Inc., Live Nation Concerts, Inc. and Live Nation Worldwide, Inc. In the early morning hours of April 8, 2006, following the completion of a concert at SUNY, Plaintiff was lifting his end of a sixteen foot ramp to load it onto his trailer when two

individuals "pushed the ramp directly into plaintiff, knocking him backwards and causing him to fall with the ramp coming down on top of him."  Am. Compl. at ¶ 18.

Plaintiff commenced the instant action asserting various claims of negligence against Defendants.  Defendants then commenced a third-party action against SUNY seeking indemnification, contribution, and asserting a claim of breach of contract.  Presently before the Court is Defendant SUNY's motion to dismiss pursuant to Fed. R. Civ. P. 12 on the ground that this action is barred by the Eleventh Amendment.

## II.     DISCUSSION

It is well-settled that "federal courts are barred from entertaining suits brought by a private party against a state in its own name."  Dube v. State Univ. of New York, 900 F.2d 587 (2d Cir. 1990); see also Gorton v. Gettel, 554 F.3d 60, 62 (2d Cir. 2009) ("[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity.") (internal citations and quotations omitted); Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn, 280 F.3d 98, 108 (2d Cir. 2001).  Moreover, "[f]or Eleventh Amendment purposes, SUNY is an integral part of the government of the State of New York and when it is sued the State is the real part."  Id. (internal quotations, citations and alterations omitted).  Because Plaintiff has sued SUNY for damages in a federal court, absent application of an exception, the action is barred.

Third-Party Plaintiffs argue that Defendant waived its sovereign immunity by entering into agreements with the other named Defendants, which agreements contained indemnification provisions.  According to Third-Party Plaintiffs, "[e]ntering into these agreement constituted a waiver of sovereign immunity by SUNY, which was acting as a

private individual and, as such, was stripped of any sovereign immunity protection. . . ." Pl.'s Mem. of Law at 1.

A waiver of sovereign immunity must be clear and express. Edelman v. Jordan, 415 U.S. 651, 63 (1974); see also Lapides v. Board of Regents of Univ. System of Georgia, 535 U.S. 613, 620 (2002); Doe v. Pataki, 481 F.3d 69, 78 (2d Cir. 2007) ("[T]he Supreme Court has frequently instructed that a state will not be deemed to have waived its sovereign immunity unless the waiver is 'express' and 'unequivocal.'"). The Supreme Court has stated that "[i]n deciding whether a State has waived its constitutional protection under the Eleventh Amendment, we will find waiver only where stated by the most express language or by such overwhelming implications . . . as will leave no room for any other reasonable construction." Id. (internal quotations and alterations omitted). Third-Party Plaintiffs point to nothing suggesting that Congress has properly abrogated immunity with respect to the claims at issue here or that the State of New York has consented to be sued in federal court. Contrary to Third-Party Plaintiffs' contention, the mere fact that SUNY may have entered into a contract with one or more of the other named Defendants/Third-Party Plaintiffs does not constitute consent to be sued in federal court. See Mohammed v. Farney, 832 F. Supp. 103, 105 (S.D.N.Y. 1993). The inclusion of an indemnification clause in the contract does not alter the result. See id; see also Sank v. City Univ. of New York, 112 Fed. Appx. 761 (2d Cir. 2004) (state is immune from breach of contract claims pursuant to the Eleventh Amendment); Ortiz-Feliciano v. Toled-Davila, 175 F.3d 37 (1st Cir. 1999) (indemnification statute does not constitute a waiver of Eleventh Amendment immunity). Nothing in that contract evinces an express and unequivocal consent by the State of New York to be sued in

federal court. "SUNY has clearly not consented to suit in a federal forum." Dube, 900 F.2d at 594.

### III.     CONCLUSION

For the foregoing reasons, Defendant SUNY's motion to dismiss is GRANTED and all claims against it are DISMISSED.

IT IS SO ORDERED.

Dated: February 25, 2009

Thomas J. McAvoy
Senior, U.S. District Judge