UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MALCOLMB BALL,

                        Plaintiff,

        v.                                           7:08-cv-0944

MTV NETWORKS ON CAMPUS, INC., et al.,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiff Malcolm Ball commenced the instant action seeking to recover damages for personal injuries he sustained while loading a ramp onto the trailer of a truck.  Presently before the Court is Defendants MTV Networks on Campus, Inc. ("MTV"), Live Nation Concerts, Inc. and Live Nation Worldwide, Inc.'s (collectively referred to as "Live Nation") motion for summary judgment pursuant to Fed. R. Civ. P. 56 seeking dismissal of the Amended Complaint in its entirety.

I.      FACTS

In December 2005, MTV entered into an agreement with Live Nation whereby Live Nation would produce the mtv2006 Campus Invasion Tour (the "Tour").   Third-Party Defendant Student Government Association of Potsdam ("SGA") submitted a proposal to Live Nation to host a concert on the Tour at the State University of New York at Potsdam ("SUNY Potsdam").  Live Nation and the SGA entered into an agreement whereby the SGA

agreed to promote the Tour.  The SGA retained SUNY Potsdam students to work as stagehands.  The concert was held in April 2006.

Plaintiff was an entertainment tour truck driver for Third-Party Defendant Upstaging, Inc.  Plaintiff was assigned to work the Tour.  Plaintiff's job included transporting entertainment equipment throughout the course of the Tour.  SUNY Potsdam was the fourth stop on the Tour.  Plaintiff arrived at SUNY Potsdam on the morning of the concert.  Four stagehands removed a metal ramp (among other concert-related equipment) from underneath Plaintiff's trailer.  After the concert ended, the process of loading the equipment back into the trucks began.

While one of the trucks was being loaded, Plaintiff instructed three SGA stagehands to assist him in lifting a metal ramp off the ground and loading it on the rack located underneath a trailer.  While they were walking with the ramp, Plaintiff was giving instructions to one of the stagehands as to how to properly carry it.  See Ball Dep. at 104-05.  Because of space constraints, Plaintiff instructed the stagehand to work his way toward the front of the ramp while holding on to it so it could be properly placed in the rack.  Id. at 116, 118, 121.  Plaintiff also was working his way up to the front of the ramp.  Id. at 118-19.  The stagehand let go of the ramp, causing it to tilt to one side.  Id. at 104-05, 121.  Plaintiff maneuvered himself in a position so he could properly raise the ramp.  Id. at 104-05, 121-24.  As Plaintiff bent down to lift the ramp back up, he jerked it up.  Before Plaintiff was able to get the ramp to a comfortable carrying position, the stagehands on the other end of the ramp started walking toward Plaintiff.  Id.  During this process, Plaintiff lost his footing, his knee twisted, and he fell.  The ramp came down on Plaintiff's right knee causing him injury.

Plaintiff commenced the instant action against MTV and Live Nation claiming that they were negligent in failing to use reasonable care in hiring, retaining, employing, and/or the assigning of trained and/or experienced personnel to assist in the loading of the concert equipment and in failing to properly supervise that personnel during the process of loading the equipment.

## II.    STANDARD OF REVIEW

Defendants move for summary judgment pursuant to Rule 56.  It is well settled that on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the non-moving party, see Tenenbaum v. Williams, 193 F.3d 581, 593 (2d Cir. 1999), and may grant summary judgment only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56( c).  An issue is genuine if the relevant evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  A party seeking summary judgment bears the burden of informing the court of the basis for the motion and of identifying those portions of the record that the moving party believes demonstrate the absence of a genuine issue of material fact as to a dispositive issue.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the movant is able to establish a prima facie basis for summary judgment, the burden of production shifts to the party opposing summary judgment who must produce evidence establishing the existence of a factual dispute that a reasonable jury could resolve in his favor.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  A party opposing a properly supported motion for summary judgment may not rest upon "mere allegations or denials" asserted in his pleadings, Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525-26 (2d Cir. 1994), or on

conclusory allegations or unsubstantiated speculation.  <u>Scotto v. Almenas</u>, 143 F.3d 105, 114 (2d Cir. 1998).

>With these standards in mind, the Court will address the pending motion.

**III.    DISCUSSION**

>To establish a negligence claim, Plaintiff must demonstrate that: (1) Defendants owed him a duty of care; (2) Defendants breached that duty; and (3) Plaintiff suffered damages as a proximate cause of the breach of that duty of care.  <u>In re M/V DG Harmony</u>, 533 F.3d 83, 94 (2d Cir. 2008); <u>Lerner v. Fleet Bank, N.A.</u>, 459 F.3d 273, 286 (2d Cir. 2006). Defendants move to dismiss the Complaint on the grounds that they did not owe a duty to Plaintiff, they did not breach any such duty, and any breach was not the proximate cause of Plaintiff's injuries.

>Assuming, without deciding, that Defendants owed Plaintiff a duty of care, the Court finds that they did not breach any such duty.  "Normally, in New York, breach is determined by the jury.  But, of course, '[o]nly in those cases where there arises a real question as to [a defendant's] negligence should the jury be permitted to proceed.'"  <u>Di Benedetto v. Pan Am World Service, Inc.</u>, 359 F.3d 627 (2d Cir. 2004) (quoting <u>Basso v. Miller</u>, 40 N.Y.2d 233, 242 (1976)).

>Defendants provided personnel (stagehands who were SUNY Potsdam students) to assist in the unloading and loading of the concert equipment.  The work at issue entailed unskilled labor in moving heavy items.  There is nothing before the Court suggesting that the stagehands provided by Defendants were not able-bodied or otherwise physically or mentally capable of maneuvering the equipment for purposes of unloading and loading it into the trucks.  There is nothing suggesting that Defendants provided an insufficient number of

stagehands to safely perform the work.  There similarly is nothing suggesting that the work at issue here required specialized skill, training, experience, or knowledge.  The accident did not occur due to a failure of any specialized skill, training, experience or knowledge, but as a result of one stagehand letting go of the ramp and the two other stagehands beginning to maneuver the ramp before Plaintiff was ready.  Similarly, Plaintiff's injury was not the result of Defendants' failure to supervise the loading process.  There is insufficient evidence in the record upon which a fair-minded trier of fact could reasonably conclude that Defendants had reason to know that the use of students as stagehands was likely to result in injury to Plaintiff (or others).  Ehrens v. Lutheran Church, 385 F.3d 232, 235 (2d Cir. 2004).

While the use of experienced stagehands may have improved efficiency, Plaintiff does not offer any evidence that the use of stagehands who were SUNY Potsdam students was inadequate, dangerous, or otherwise improper.  Plaintiff concedes that there were no other problems with the student stagehands at SUNY Potsdam.  Plaintiff never complained about the use of students as stagehands at SUNY or at the prior concerts on the Tour. Defendants, on the other hand, offered undisputed evidence that approximately 85% (if not more) of the college concert tours used stagehands who are college students rather than hired professionals.  Despite the high rate of usage of student stagehands for college-based concerts, Plaintiff does not cite to any other accidents involving students as stagehands or other incidents suggesting that the use of students as stagehands was a deviation from the exercise of reasonable care under the circumstances.

## IV.    CONCLUSION

For the foregoing reasons, the Court finds that no trier of fact could reasonably conclude that Defendants breached any duty of care owed to Plaintiff.  Accordingly,

Defendant MTV and Live Nation's motion for summary judgment as against Plaintiff (Dkt. No. 88) is GRANTED and the Complaint is DISMISSED.  Having dismissed the main action in this case, the Third-Party claims seeking contribution and indemnification and asserting a claim for breach of contract are DISMISSED as moot and the remaining pending motions for summary judgment (Dkt. Nos. 86, 88 (insofar as it seeks summary judgment on the third-party claims), and 90) similarly are DENIED AS MOOT.  The Clerk of the Court shall close the file in this matter.

IT IS SO ORDERED.

Dated:May 23, 2011


Thomas J. McAvoy
Senior, U.S. District Judge